1
2
3
4
5
6
7
8                    UNITED STATES DISTRICT COURT

9               FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   JULIO R. ZAYAS,                          No.  2:21-cv-0218 DB P

12                    Plaintiff,

13        v.                                   ORDER

14   NAVARRO,

15                    Defendant.

16

17        Plaintiff, a state prisoner proceeding pro se, has filed a civil rights action pursuant to 42

18   U.S.C. § 1983.  Before the court is plaintiff's first amended complaint for screening (ECF No. 8)

19   and plaintiff's motion to proceed in forma pauperis (ECF No. 7).  For the reasons stated below

20   plaintiff's motion to proceed in forma pauperis will be granted and the first amended complaint

21   will be dismissed with leave to amend.

22                              **IN FORMA PAUPERIS**

23        Plaintiff has submitted a declaration that makes the showing required by 28 U.S.C. §

24   1915(a).  Accordingly, the request to proceed in forma pauperis will be granted.

25        Plaintiff is required to pay the statutory filing fee of $350.00 for this action.  28 U.S.C. §§

26   1914(a), 1915(b)(1).  By this order, plaintiff will be assessed an initial partial filing fee in

27   accordance with the provisions of 28 U.S.C. § 1915(b)(1).  By separate order, the court will direct

28   the appropriate agency to collect the initial partial filing fee from plaintiff's trust account and

                                       1

forward it to the Clerk of the Court.  Thereafter, plaintiff will be obligated for monthly payments of twenty percent of the preceding month's income credited to plaintiff's prison trust account. These payments will be forwarded by the appropriate agency to the Clerk of the Court each time the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full.  28 U.S.C. § 1915(b)(2).

## SCREENING

### I.     Legal Standards

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or employee of a governmental entity.  See 28 U.S.C. § 1915A(a).  The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.  See 28 U.S.C. § 1915A(b)(1) & (2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984).  The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke, 490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis.  See Franklin, 745 F.2d at 1227.  Rule 8(a)(2) of the Federal Rules of Civil Procedure "requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'"  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)).

However, in order to survive dismissal for failure to state a claim a complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the speculative level."  Bell Atlantic, 550 U.S. at 555.  In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S.

738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor.  Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

The Civil Rights Act under which this action was filed provides as follows:

> Every person who, under color of [state law] . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution . . . shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983.  The statute requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by plaintiff.  See Monell v. Dept. of Social Servs., 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362 (1976).  "A person 'subjects' another to the deprivation of a constitutional right, within the meaning of § 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made."  Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

Moreover, supervisory personnel are generally not liable under § 1983 for the actions of their employees under a theory of respondeat superior and, therefore, when a named defendant holds a supervisorial position, the causal link between him and the claimed constitutional violation must be specifically alleged.  See Fayle v. Stapley, 607 F.2d 858, 862 (9th Cir. 1979); Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978).  Vague and conclusory allegations concerning the involvement of official personnel in civil rights violations are not sufficient.  See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

## II.     Allegations in the Complaint

In the first amended complaint ("FAC") plaintiff names as defendants correctional officers Navarro, Yarelis, and Pierce.  (ECF No. 8 at 2.)

Plaintiff alleges the following: on August 15, 2019, while at Mule Creek State Prison ("MCSP"), defendants Navarro and Yarelis searched plaintiff's cell.  (Id. at 3.)  Plaintiff's "religious medallion, [his] Super 3 Radio, and various other miscellaneous items" were taken from his cell.  (Id.)  Plaintiff was placed in administrative segregation following the search and

3

1    "was separated from his property."  (Id.)  Defendant Pierce, who was the property officer at

2    MSCP, "inventoried and stored" plaintiff's property.  (Id.)  Plaintiff was transferred to Corcoran

3    State Prison ("CSP-COR").  (Id.)  When plaintiff received his property after his transfer, he

4    discovered his radio and religious medallion were missing and his television was broken.  (Id.)

5    Plaintiff filed a grievance and subsequent appeals but these were denied on the basis that his

6    property had been returned in his "property box."  (Id. at 4.)  Plaintiff states that his religious

7    medallion and radio were not in the property box.  (Id.)

8         Plaintiff seeks relief in the form of the "return and repair" of his property as well as

9    payment of his court costs.  (Id.)

10   **III.    Does Plaintiff State a § 1983 Claim?**

11        Plaintiff claims his property was not returned and seeks damages based on this deprivation

12   of his property.

13        Only an authorized, intentional deprivation of property is actionable under the Due

14   Process Clause.  Neither negligent or "unauthorized intentional deprivations of property gives rise

15   to a violation of the Due Process Clause if the state provides an adequate post-deprivation

16   remedy."  Hudson v. Palmer, 468 U.S. 517, 533 n. 14 (1984).  California provides an adequate

17   post-deprivation remedy for negligent deprivations of property.  Barnett v. Centoni, 31 F.3d 813,

18   816-17 (9th Cir. 1994) (citing Cal. Gov't Code §§ 810–95).

19        In the FAC, plaintiff does not allege he was deprived of his property as a result of a prison

20   policy or some other authorized action.  Plaintiff claims that after he was transferred between

21   prisons his "religious medallion and radio" were missing and that his television was also returned

22   damaged. (ECF No. 8 at 3.)  Plaintiff's simple allegation that his property was not returned is not

23   sufficient to show that the deprivation was authorized and intentional.  Further, based on the

24   response to plaintiff's grievance appeal, it appears that prison officials believe that plaintiff's

25   property was properly returned to him.  (Id. at 4.)  Plaintiff has not alleged facts sufficient to show

26   that he was the deprivation of his religious medallion and radio was authorized.  Similarly,

27   plaintiff has not alleged any facts that show that his television was damaged by an authorized,

28   intentional act.  Plaintiff only claims that it was broken when it was returned to him.  (Id. at 3.)

4

As plaintiff has not alleged that the deprivation of his property was pursuant to prison policy or other form of authorization, plaintiff has an adequate post-deprivation remedy under California law.  Barnett, 31 F.3d at 816-17.  As currently stated, his claim based on the taking of his property is not cognizable under § 1983.  Plaintiff's FAC will be dismissed with leave to amend.  If plaintiff believes he was deprived of his property as a result of an intentional, authorized act, he must include factual allegations which support these claims in the amended complaint.

## AMENDING THE COMPLAINT

This court finds above that plaintiff has failed to allege sufficient facts to state a cognizable claim under § 1983.  Plaintiff will be given the opportunity to file an amended complaint.

If plaintiff chooses to file an amended complaint, he must address the problems with his complaint that are explained above.  Any amended complaint must be complete in itself.  The court cannot refer to a prior complaint to understand the plaintiff's claims.

In an amended complaint plaintiff must clearly identify each defendant and the action that defendant took that violated plaintiff's constitutional rights.  The court is not required to review exhibits to determine what plaintiff's charging allegations are as to each named defendant.  If plaintiff wishes to add a claim, he must include it in the body of the complaint.  The charging allegations must be set forth in the amended complaint, so defendants have fair notice of the claims plaintiff is presenting.  That said, plaintiff need not provide every detailed fact in support of his claims.  Rather, plaintiff should provide a short, plain statement of each claim.  See Fed. R. Civ. P. 8(a).

Any amended complaint must show the federal court has jurisdiction, the action is brought in the right place, and plaintiff is entitled to relief if plaintiff's allegations are true.  It must contain a request for particular relief.  Plaintiff must identify as a defendant only persons who personally participated in a substantial way in depriving plaintiff of a federal constitutional right.  Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978) (stating that a person subjects another to the deprivation of a constitutional right if he does an act, participates in another's act, or omits to

5

1  perform an act he is legally required to do that causes the alleged deprivation).  "Vague and

2  conclusory allegations of official participation in civil rights violations are not sufficient."  Ivey v.

3  Bd. of Regents, 673 F.2d 266, 268 (9th Cir. 1982) (citations omitted).

4        In an amended complaint, the allegations must be set forth in numbered paragraphs.  Fed.

5  R. Civ. P. 10(b).  Plaintiff may join multiple claims if they are all against a single defendant.  Fed.

6  R. Civ. P. 18(a).  If plaintiff has more than one claim based upon separate transactions or

7  occurrences, the claims must be set forth in separate paragraphs.  Fed. R. Civ. P. 10(b).

8        The federal rules contemplate brevity.  See Galbraith v. County of Santa Clara, 307 F.3d

9  1119, 1125 (9th Cir. 2002) (noting that "nearly all of the circuits have now disapproved any

10  heightened pleading standard in cases other than those governed by Rule 9(b)"); Fed. R. Civ. P.

11  84; cf. Rule 9(b) (setting forth rare exceptions to simplified pleading).  Plaintiff's claims must be

12  set forth in short and plain terms.  See Swierkiewicz v. Sorema N.A., 534 U.S. 506, 514 (2002)

13  ("Rule 8(a) is the starting point of a simplified pleading system, which was adopted to focus

14  litigation on the merits of a claim."); Fed. R. Civ. P. 8.

15        An amended complaint must be complete in itself, without reference to any prior pleading.

16  E.D. Cal. R. 220.  Once plaintiff files an amended complaint, the original pleading is superseded.

17  By signing an amended complaint, plaintiff certifies he has made reasonable inquiry and has

18  evidentiary support for his allegations, and for violation of this rule, the court may impose

19  sanctions sufficient to deter repetition by plaintiff or others.  Fed. R. Civ. P. 11.

20  ////

21  ////

22  ////

23  ////

24  ////

25  ////

26  ////

27  ////

28  ////

**CONCLUSION**

For the foregoing reasons, IT IS HEREBY ORDERED as follows:

1. Plaintiff's motion to proceed in forma pauperis (ECF No. 7) is granted.

2. Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action. Plaintiff is assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1). All fees shall be collected and paid in accordance with this court's order to the Director of the California Department of Corrections and Rehabilitation filed concurrently herewith.

3. Plaintiff's first amended complaint (ECF No. 8) is dismissed with leave to amend.

4. Plaintiff is granted thirty days from the date of service of this order to file an amended complaint. The amended complaint must bear the docket number assigned to this case and must be labeled "Second Amended Complaint."

5. Failure to comply with this order will result in a recommendation that this action be dismissed.

Dated: October 11, 2021

_____
DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

DB:14
DB/DB Prisoner Inbox/Civil Rights/S/zaya0218.scm