UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JULIO R. ZAYAS,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>NAVARRO,<br><br>　　　　Defendant. | No. 2:21-cv-00218 WBS DB P<br><br><br>ORDER |

Plaintiff, a state prisoner proceeding pro se and in forma pauperis, has filed a civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff claims his First, Eighth, and Fourteenth Amendment rights were violated by defendants. Before the court is plaintiff's second amended complaint for screening. (ECF No. 14.) For the reasons stated below, the second amended complaint will be dismissed with leave to amend.

**SCREENING**

**I.　Legal Standards**

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be

////

1

1  granted, or that seek monetary relief from a defendant who is immune from such relief.  See 28
2  U.S.C. § 1915A(b)(1) & (2).

3       A claim is legally frivolous when it lacks an arguable basis either in law or in fact.
4  Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th
5  Cir. 1984).  The court may, therefore, dismiss a claim as frivolous where it is based on an
6  indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke,
7  490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully
8  pleaded, has an arguable legal and factual basis.  See Franklin, 745 F.2d at 1227.  Rule 8(a)(2) of
9  the Federal Rules of Civil Procedure "requires only 'a short and plain statement of the claim
10  showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what
11  the . . . claim is and the grounds upon which it rests.'"  Bell Atlantic Corp. v. Twombly, 550 U.S.
12  544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)).

13       However, in order to survive dismissal for failure to state a claim a complaint must
14  contain more than "a formulaic recitation of the elements of a cause of action;" it must contain
15  factual allegations sufficient "to raise a right to relief above the speculative level."  Bell Atlantic,
16  550 U.S. at 555.  In reviewing a complaint under this standard, the court must accept as true the
17  allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S.
18  738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all
19  doubts in the plaintiff's favor.  Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

20       The Civil Rights Act under which this action was filed provides as follows:

21            Every person who, under color of [state law] . . . subjects, or causes
          to be subjected, any citizen of the United States . . . to the deprivation
22            of any rights, privileges, or immunities secured by the Constitution .
          . . shall be liable to the party injured in an action at law, suit in equity,
23            or other proper proceeding for redress.

24  42 U.S.C. § 1983.  The statute requires that there be an actual connection or link between the
25  actions of the defendants and the deprivation alleged to have been suffered by plaintiff.  See
26  Monell v. Dept. of Social Servs., 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362 (1976).  "A
27  person 'subjects' another to the deprivation of a constitutional right, within the meaning of §
28  1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform

2

1 an act which he is legally required to do that causes the deprivation of which complaint is made."
2 Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

3      Moreover, supervisory personnel are generally not liable under § 1983 for the actions of
4 their employees under a theory of respondeat superior and, therefore, when a named defendant
5 holds a supervisorial position, the causal link between him and the claimed constitutional
6 violation must be specifically alleged. See Fayle v. Stapley, 607 F.2d 858, 862 (9th Cir. 1979);
7 Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978).  Vague and conclusory allegations
8 concerning the involvement of official personnel in civil rights violations are not sufficient.  See
9 Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

10     **II.**     **Allegations in the Complaint**

11      In the Second Amended Complaint ("SAC") , plaintiff states that "a substantial part" of
12 his claims arose while he was housed at Mule Creek State Prison ("MCSP").  (ECF No. 14 at 3.)
13 Plaintiff identifies as defendants: MCSP Correctional Officers Navarro, Yarelis, Sheurer, Pierce,
14 Stinson, Crozier, Espana, and Cruz; MCSP Correctional Sergeant J. Johnson; MCSP Correctional
15 Captain N. Costa; MCSP Associate Warden J. Cantu; MCSP Acting Warden Patrick Cavello; and
16 California Department of Corrections and Rehabilitation ("CDCR") Secretaries Ralph Diaz and
17 Kathleen Allison.  (Id. at 3-4.)  Plaintiff also names Correctional Officer "Doe[s] 1-6" as
18 defendants.  (Id. at 4.)

19      In the SAC, plaintiff alleges the following: On August 15, 2019, defendants Navarro,
20 Yarelis, and Sheurer seized plaintiff's personal property during a search of plaintiff's cell.  (Id. at
21 4-5.)  Defendant Pierce was given plaintiff's property by defendants Doe 3 and Doe 4 and
22 inventoried it.  (Id. at 6.)  Plaintiff submitted a number of requests for his property to be returned.
23 (Id. at 6-8.)  At some later date, plaintiff's property was returned but plaintiff's TV was damaged
24 and some of his property was missing.  (Id. at 7-8.)  As required by CDCR regulations, prison
25 employees did not "offer legal advice [or] otherwise advise plaintiff how to proceed" with
26 seeking reimbursement for damaged or lost property.  (Id. at 9; See Id. at 7-12.)

27      Plaintiff claims his due process rights were violated when the prison employees failed to
28 advise plaintiff of the legal requirements to make "a proper claim for return, replacement, or

1 compensation for damaged and/or missing personal property…." (Id. at 14.)  Plaintiff alleges that
2 defendants acted pursuant to CDCR policy.  (Id.)  Plaintiff also claims that his Eighth amendment
3 rights were violated as they "inflicted mental and emotional distress upon plaintiff" by acting
4 with "evil intent and reckless indifference."  (Id.)  Finally, plaintiff seeks to state a First
5 Amendment claim for preventing plaintiff from accessing the courts by "their actions to not
6 advise plaintiff" about the requirements to obtain the return of his property.  (Id. at 15.)

Plaintiff seeks various forms of injunctive relief as well as punitive damages against the defendants.  (Id. at 18-19.)

### III.    Does Plaintiff State a § 1983 Claim?

#### A. Due Process Claims

##### 1. Legal Standard

The Due Process Clause protects prisoners from being deprived of property without due process of law.  Wolff v. McDonnell, 418 U.S. 539, 556 (1974).  Prisoners have a protected interest in their personal property.  Hansen v. May, 502 F.2d 728, 730 (9th Cir. 1974).  An authorized, intentional deprivation of property is actionable under the Due Process Clause.  See Hudson v. Palmer, 468 U.S. 517, 532 (1984) (citing Logan v. Zimmerma Brush Co., 455 U.S. 422 (1982)); Quick v. Jones, 754 F.2d 1521, 1523-24 (9th Cir. 1985).  However, neither negligent or unauthorized "intentional deprivations of property gives rise to a violation of the Due Process Clause if the state provides an adequate post-deprivation remedy."  Hudson v. Palmer, 468 U.S. 517, 533 n. 14 (1984).  California provides an adequate post-deprivation remedy for negligent deprivations of property.  Barnett v. Centoni, 31 F.3d 813, 816-17 (9th Cir. 1994) (citing Cal. Gov't Code §§ 810–95).

##### 2. Analysis

Plaintiff fails to establish a due process claim as the facts alleged do not show that plaintiff suffered an authorized deprivation of his property.  Plaintiff claims that his property was originally taken during a cell search pursuant to CDCR policy.  (ECF No. 14 at 14.)  Plaintiff also states that his property was later returned to him, albeit with the television damaged and items missing.  (Id. at 7.)

4

The return of plaintiff's other property shows that the continued deprivation of other, unreturned property was not authorized behavior. Plaintiff's property was taken and later returned under CDCR regulations. Any further deprivation of this property would be outside of those regulations and unauthorized. As such, plaintiff's claim is not actionable as it was an unauthorized deprivation of property and California provides an adequate post-deprivation remedy. Hudson, 468 U.S. at 533 n. 14; Barnett, 31 F.3d at 816-17.

Plaintiff argues that he should be permitted to proceed with a claim regardless because he "may have technically had a state provided post-deprivation remedy[,]" but this remedy was unavailable due to CDCR policy which prevented defendants from giving plaintiff legal advice about recovering his property. (Id. at 9.) The Ninth Circuit has clearly found that California law provides adequate post-deprivation remedies for deprivations of property. Barnett, 31 F.3d at 816-17. There is nothing in that ruling, the Supreme Court decision on which it is based, or in the court's subsequent cases that suggest that correctional officers must provide legal advice about how plaintiff might seek reimbursement for lost property. Id.; Hudson, 468 U.S. at 533 n. 14; See Maraglino v. Espinosa, 796 Fed. Appx. 451, 451 (9th Cir. 2020); Nible v. Fink, 828 Fed. Appx. 463, 464 (9th Cir. 2020); Stribling v. Wilson, 770 Fed. Appx. 829, 830 (9th Cir. 2019); Young v. Voong, 738 Fed. Appx. 509, 510 (9th Cir. 2018). In fact, under plaintiff's own alleged facts, he was still informed of the basic process to seek a post-deprivation remedy. (ECF No. 14 at 9) ("[plaintiff] was told vaguely in response that he needed to do several possible things including filing a second level appeal or a claim to the Government Claims Board"). Plaintiff's argument that the state's post-deprivation remedy was unavailable to him is unpersuasive.

Given the above, plaintiff has not alleged sufficient facts to state a cognizable due process claim as the deprivation of plaintiff's property was unauthorized and there is an adequate post-deprivation remedy available to him. Hudson, 468 U.S. at 533 n. 14; Barnett, 31 F.3d at 816-17.

### B. Access to the Courts

#### 1. Legal Standard

The First Amendment guarantees the right to "petition the Government for a redress of grievances." U.S. Const. amend. I. "It is well settled that the right to access to the courts is

1  subsumed within the right to petition." Laws v. City of Seattle, 2009 WL 3836122, at *3 (W.D.
2  Wash. Nov. 12, 2009) (citing Bill Johnson's Rests., Inc. v. Nat'l Labor Relations Bd., 461 U.S.
3  731, 741 (1983)). To state a First Amendment claim of denial of access to the courts, plaintiff
4  must allege facts showing that he suffered an "actual injury" as a result of the defendants' alleged
5  actions, by explaining how the challenged official acts or omissions hindered plaintiff's efforts to
6  pursue a nonfrivolous legal claim. Lewis v. Casey, 518 U.S. 343, 351-55 (1996). Further,
7  plaintiff must demonstrate that each defendant intentionally and actively misused their power to
8  deny plaintiff access to the courts. Roman v. Allison, No. 1:11-cv-0730-MJS (PC), 2012 WL
9  293380, at *2 (E.D. Cal. Jan. 31, 2012); Funches v. Ebbert, 638 F. Supp. 2d 1014, 1019 (S.D. Ill.
10 2009) (citing Daniels v. Williams, 474 U.S. 327 (1986)).

### 2. Analysis

Plaintiff claims defendants denied him access to the courts by "their actions to not advise plaintiff" of the legal path to obtain a post-deprivation remedy. (ECF No. 14 at 15.) Plaintiff does not claim that he was prevented from accessing the courts. (See Id.) The Supreme Court has recognized a right to assistance in legal certain legal filings. See Bounds v. Smith, 430 U.S. 817, 821 (1977); see also Lewis v. Casey, 518 U.S. 343, 355 (1996). This assistance is limited to situations where prisoners seek "to attack their sentences, directly or collaterally, and in order to challenge the conditions of their confinement." Lewis, 518 U.S. at 355; see Silva v. Di Vittorio, 658 F.3d 1090, 1102 (9th Cir. 2011) overruled on separate grounds by Richey v. Dahne, 807 F.3d 1202, 1209 n.6 (9th Cir. 2015).

Plaintiff argues that defendants should have provided legal assistance when he sought a remedy for an unauthorized deprivation of his property. The action plaintiff wished to pursue was not an attack on his sentence or a challenge to the conditions of his confinement. As such, plaintiff is not entitled to legal assistance in seeking a post-deprivation remedy. Lewis, 518 U.S. at 355 ("Impairment of any *other* litigating capacity is simply one of the incidental (and perfectly constitutional) consequences of conviction and incarceration" (emphasis in original)). Plaintiff only claims that defendants failed to provide him with legal advice, not that they actively interfered with his access to courts. (See ECF No. 14.) As plaintiff was not entitled to

6

affirmative assistance and has not alleged facts showing that defendants actively interfered with his access to courts, he has failed to allege sufficient facts to state a First Amendment claim against defendants for denying his access to the courts.

### C. Eighth Amendment

#### 1. Legal Standard

The Eighth Amendment prohibits the infliction of "cruel and unusual punishments." U.S. Const. amend. VIII.  The unnecessary and wanton infliction of pain constitutes cruel and unusual punishment prohibited by the Eighth Amendment.  Whitley v. Albers, 475 U.S. 312, 319 (1986); Ingraham v. Wright, 430 U.S. 651, 670 (1977); Estelle v. Gamble, 429 U.S. 97, 105-06 (1976). Neither accident nor negligence constitutes cruel and unusual punishment, as "[i]t is obduracy and wantonness, not inadvertence or error in good faith, that characterize the conduct prohibited by the Cruel and Unusual Punishments Clause." Whitley, 475 U.S. at 319.

#### 2. Analysis

In the SAC plaintiff states that he seeks to bring the Eighth Amendment claim against defendants for "inflict[ing] mental and emotional distress upon plaintiff." (ECF No. 14 at 14.) Plaintiff also states that "defendants, each and all of them, acted with evil intent and reckless indifference to plaintiff's constitutional rights by their actions[.]" (Id.)  Beyond these statements, plaintiff does not provide any clear factual allegations about how individual defendants acted with deliberate indifference.   Additionally, Plaintiff does not specify the risk of harm that defendants were deliberately indifferent to.  Instead, he broadly states that defendants acted with deliberate indifference to his constitutional rights.  (Id.)  These allegations are insufficient to support an Eighth Amendment claim as they are vague and conclusory.  See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).  Thus, plaintiff has failed to allege sufficient facts to state a cognizable Eighth Amendment claim.

### AMENDING THE COMPLAINT

This court finds above that plaintiff has failed to allege sufficient facts to state a cognizable claim under § 1983.  Plaintiff will be given the opportunity to file an amended complaint.

If plaintiff chooses to file an amended complaint, he must address the problems with his complaint that are explained above. Any amended complaint must be complete in itself. The court cannot refer to a prior complaint to understand the plaintiff's claims.

In an amended complaint plaintiff must clearly identify each defendant and the action that defendant took that violated plaintiff's constitutional rights. The court is not required to review exhibits to determine what plaintiff's charging allegations are as to each named defendant. If plaintiff wishes to add a claim, he must include it in the body of the complaint. The charging allegations must be set forth in the amended complaint, so defendants have fair notice of the claims plaintiff is presenting. That said, plaintiff need not provide every detailed fact in support of his claims. Rather, plaintiff should provide a short, plain statement of each claim. See Fed. R. Civ. P. 8(a).

Any amended complaint must show the federal court has jurisdiction, the action is brought in the right place, and plaintiff is entitled to relief if plaintiff's allegations are true. It must contain a request for particular relief. Plaintiff must identify as a defendant only persons who personally participated in a substantial way in depriving plaintiff of a federal constitutional right. Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978) (stating that a person subjects another to the deprivation of a constitutional right if he does an act, participates in another's act, or omits to perform an act he is legally required to do that causes the alleged deprivation). "Vague and conclusory allegations of official participation in civil rights violations are not sufficient." Ivey v. Bd. of Regents, 673 F.2d 266, 268 (9th Cir. 1982) (citations omitted).

In an amended complaint, the allegations must be set forth in numbered paragraphs. Fed. R. Civ. P. 10(b). Plaintiff may join multiple claims if they are all against a single defendant. Fed. R. Civ. P. 18(a). If plaintiff has more than one claim based upon separate transactions or occurrences, the claims must be set forth in separate paragraphs. Fed. R. Civ. P. 10(b).

The federal rules contemplate brevity. See Galbraith v. County of Santa Clara, 307 F.3d 1119, 1125 (9th Cir. 2002) (noting that "nearly all of the circuits have now disapproved any heightened pleading standard in cases other than those governed by Rule 9(b)"); Fed. R. Civ. P. 84; cf. Rule 9(b) (setting forth rare exceptions to simplified pleading). Plaintiff's claims must be

set forth in short and plain terms.  See Swierkiewicz v. Sorema N.A., 534 U.S. 506, 514 (2002) ("Rule 8(a) is the starting point of a simplified pleading system, which was adopted to focus litigation on the merits of a claim."); Fed. R. Civ. P. 8.

An amended complaint must be complete in itself, without reference to any prior pleading.  E.D. Cal. R. 220.  Once plaintiff files an amended complaint, the original pleading is superseded.  By signing an amended complaint, plaintiff certifies he has made reasonable inquiry and has evidentiary support for his allegations, and for violation of this rule, the court may impose sanctions sufficient to deter repetition by plaintiff or others.  Fed. R. Civ. P. 11.

## CONCLUSION

For the foregoing reasons, IT IS HEREBY ORDERED as follows:

1. Plaintiff's Second Amended Complaint (ECF No. 14) is dismissed with leave to amend.
2. Plaintiff is granted thirty days from the date of service of this order to file an amended complaint.  The amended complaint must bear the docket number assigned to this case and must be labeled "Third Amended Complaint."
3. Failure to comply with this order will result in a recommendation that this action be dismissed.

Dated:  September 30, 2022

DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

DB:14
DB/DB Prisoner Inbox/Civil Rights/S/zaya0218.scrn_lta(2)