UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| JULIO R. ZAYAS, | No. 2:21-cv-00218 WBS DB P |
|---|---|
| Plaintiff, | |
| v. | FINDINGS AND RECOMMENDATIONS |
| NAVARRO, | |
| Defendant. | |

Plaintiff, a state prisoner proceeding pro se and in forma pauperis, has filed a civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff claims his First, Eighth, and Fourteenth Amendment rights were violated by defendants in addition to violations of state law. Before the court is plaintiff's Third Amended Complaint ("TAC") for screening. (ECF No. 18.)

For the reasons stated below, it will be recommended that this action be dismissed for failure to state a claim.

**SCREENING**

**I.      Legal Standards**

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be

granted, or that seek monetary relief from a defendant who is immune from such relief.  See 28 U.S.C. § 1915A(b)(1) & (2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact.  Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984).  The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke, 490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis.  See Franklin, 745 F.2d at 1227.  Rule 8(a)(2) of the Federal Rules of Civil Procedure "requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'"  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)).

However, in order to survive dismissal for failure to state a claim a complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the speculative level."  Bell Atlantic, 550 U.S. at 555.  In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor.  Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

The Civil Rights Act under which this action was filed provides as follows:

> Every person who, under color of [state law] . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution . . . shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983.  The statute requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by plaintiff.  See Monell v. Dept. of Social Servs., 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362 (1976).  "A person 'subjects' another to the deprivation of a constitutional right, within the meaning of § 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform

2

an act which he is legally required to do that causes the deprivation of which complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

Moreover, supervisory personnel are generally not liable under § 1983 for the actions of their employees under a theory of respondeat superior and, therefore, when a named defendant holds a supervisorial position, the causal link between him and the claimed constitutional violation must be specifically alleged. See Fayle v. Stapley, 607 F.2d 858, 862 (9th Cir. 1979); Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978). Vague and conclusory allegations concerning the involvement of official personnel in civil rights violations are not sufficient. See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

**II.     Allegations in the Complaint**

Plaintiff states that at all relevant times, he was an inmate at Mule Creek State Prison ("MCSP"). (ECF No. 18 at 3.) He names as defendants Correctional Officers Navarro, Yarelis, Sheurer, Pierce, Stinson, Crozier, Espana, and Cruz as well as Correctional Sergeant J. Johnson, Correctional Lieutenant N. Costa, Associate Warden J. Cantu, Acting Warden Patrick Covello, California Department of Corrections and Rehabilitation ("CDCR") Secretary Ralph Diaz, and CDCR Secretary Kathleen Allison. (Id. at 3-4.) Plaintiff also names six "Doe" defendants. (Id. at 4.)

The factual allegations contained in the TAC are identical to those contained in the SAC. As plaintiff has not provided any changes to his factual allegations, the court will provide the summary of the factual allegations contained in the court's prior screening order:

> On August 15, 2019, defendants Navarro, Yarelis, and Sheurer seized plaintiff's personal property during a search of plaintiff's cell. Defendant Pierce was given plaintiff's property by defendants Doe 3 and Doe 4 and inventoried it. Plaintiff submitted a number of requests for his property to be returned. At some later date, plaintiff's property was returned but plaintiff's TV was damaged and some of his property was missing. As required by CDCR regulations, prison employees did not "offer legal advice [or] otherwise advise plaintiff how to proceed" with seeking reimbursement for damaged or lost property.
>
> Zayas v. Navarro, 2:21-cv-00218 WBS DB P, 2022 WL 4791938, at *2 (E.D. Cal. Oct. 3, 2022) (citations omitted).

3

As with plaintiff's prior complaint, he alleges his due process rights were violated when the prison employees failed to advise plaintiff of the legal requirements to make "a proper claim for return, replacement, or compensation for damaged and/or missing personal property…." (Id. at 14.) Plaintiff alleges that defendants acted pursuant to CDCR policy. (Id.) Plaintiff also claims that his Eighth amendment rights were violated as they "inflicted mental and emotional distress upon plaintiff" by acting with "evil intent and reckless indifference." (Id.) Finally, plaintiff seeks to state a First Amendment claim for preventing plaintiff from accessing the courts by "their actions to not advise plaintiff" about the requirements to obtain the return of his property. (Id. at 15.)

In addition to the claims raised in plaintiff's prior complaint, plaintiff also raises additional state law claims in the TAC.

Plaintiff seeks various forms of injunctive relief as well as punitive damages against the defendants. (Id. at 19-21.)

**III.     Does Plaintiff State a § 1983 Claim?**

At the outset, the court notes that plaintiff's Constitutional claims have not substantively changed. Most of the changes are simple rewordings of sentences contained in the prior complaint. (see, e.g., ECF No. 18 at 16; cf. ECF No. 14 at 16 (slightly altering the language of plaintiff's claims against defendant Allison but leaving the substance of those claims unchanged.)) Plaintiff has made larger edits to the end of the section stating his constitutional claims. (ECF No. 18 at 17; cf. ECF No. 14 at 17.) However, here the substance of plaintiff's underlying claims remains unchanged. Instead, plaintiff has removed allegations of defendant's intent and altered the presentation of the harm he suffered. (ECF No. 18 at 17.) As such, the court's analysis basis on plaintiff's constitutional claims remains largely unchanged from the prior screening order.

    **A. Due Process Claims**

        **1. Legal Standard**

The Due Process Clause protects prisoners from being deprived of property without due process of law. Wolff v. McDonnell, 418 U.S. 539, 556 (1974). Prisoners have a protected

interest in their personal property. Hansen v. May, 502 F.2d 728, 730 (9th Cir. 1974). An authorized, intentional deprivation of property is actionable under the Due Process Clause. See Hudson v. Palmer, 468 U.S. 517, 532 (1984) (citing Logan v. Zimmerma Brush Co., 455 U.S. 422 (1982)); Quick v. Jones, 754 F.2d 1521, 1523-24 (9th Cir. 1985). However, neither negligent nor unauthorized "intentional deprivations of property gives rise to a violation of the Due Process Clause if the state provides an adequate post-deprivation remedy." Hudson v. Palmer, 468 U.S. 517, 533 n. 14 (1984). California provides an adequate post-deprivation remedy for negligent deprivations of property. Barnett v. Centoni, 31 F.3d 813, 816-17 (9th Cir. 1994) (citing Cal. Gov't Code §§ 810–95).

### 2. Analysis

Plaintiff has failed to allege facts sufficient to state a due process claim. As alleged, the facts in the SAC fail to show that plaintiff suffered an authorized deprivation of his property. Plaintiff's property was originally taken during a search pursuant to CDCR policy but was later returned to him. (ECF No. 18 at 14.)

The return of plaintiff's other property shows that the continued deprivation of other, unreturned property was not authorized behavior. Plaintiff's property was taken and later returned under CDCR regulations. Any further deprivation of this property, such as plaintiff's damaged TV and missing items, would be outside of those regulations and unauthorized. As such, plaintiff's claim is not actionable as it was an unauthorized deprivation of property and California provides an adequate post-deprivation remedy. Hudson, 468 U.S. at 533 n. 14; Barnett, 31 F.3d at 816-17.

Plaintiff argues that he should be permitted to proceed with a claim regardless because he "may have technically had a state provided post-deprivation remedy[,]" but this remedy was "not realistically available" due to CDCR policy which prevented defendants from giving plaintiff legal advice about recovering his property. (Id. at 9.) The Ninth Circuit has clearly found that California law provides adequate post-deprivation remedies for deprivations of property. Barnett, 31 F.3d at 816-17. There is nothing in that ruling, the Supreme Court decision on which it is based, or in the court's subsequent cases that suggest that correctional officers must provide legal

advice about how plaintiff might seek reimbursement for lost property.  Id.; Hudson, 468 U.S. at 533 n. 14; See Maraglino v. Espinosa, 796 Fed. Appx. 451, 451 (9th Cir. 2020); Nible v. Fink, 828 Fed. Appx. 463, 464 (9th Cir. 2020); Stribling v. Wilson, 770 Fed. Appx. 829, 830 (9th Cir. 2019); Young v. Voong, 738 Fed. Appx. 509, 510 (9th Cir. 2018).  In fact, under plaintiff's own alleged facts, he was still informed of the basic process to seek a post-deprivation remedy.  (ECF No. 18 at 9) ("[plaintiff] was told vaguely in the response that he needed to do several possible things including filing a second level appeal or a claim to the Government Claims Board").  Plaintiff's argument that the state's post-deprivation remedy was unavailable to him is unpersuasive.

Given the above, plaintiff has not alleged sufficient facts to state a cognizable due process claim as, under the facts alleged, the deprivation of plaintiff's property was unauthorized and there is an adequate post-deprivation remedy available to him.  Hudson, 468 U.S. at 533 n. 14; Barnett, 31 F.3d at 816-17.

## B. Access to the Courts

### 1. Legal Standard

The First Amendment guarantees the right to "petition the Government for a redress of grievances."  U.S. Const. amend. I.  "It is well settled that the right to access to the courts is subsumed within the right to petition."  Laws v. City of Seattle, 2009 WL 3836122, at *3 (W.D. Wash. Nov. 12, 2009) (citing Bill Johnson's Rests., Inc. v. Nat'l Labor Relations Bd., 461 U.S. 731, 741 (1983)).  To state a First Amendment claim of denial of access to the courts, plaintiff must allege facts showing that he suffered an "actual injury" as a result of the defendants' alleged actions, by explaining how the challenged official acts or omissions hindered plaintiff's efforts to pursue a nonfrivolous legal claim.  Lewis v. Casey, 518 U.S. 343, 351-55 (1996).  Further, plaintiff must demonstrate that each defendant intentionally and actively misused their power to deny plaintiff access to the courts.  Roman v. Allison, No. 1:11-cv-0730-MJS (PC), 2012 WL 293380, at *2 (E.D. Cal. Jan. 31, 2012); Funches v. Ebbert, 638 F. Supp. 2d 1014, 1019 (S.D. Ill. 2009) (citing Daniels v. Williams, 474 U.S. 327 (1986)).

////

### 2. Analysis

Plaintiff claims defendants denied him access to the courts by "their actions to not advise plaintiff" of the legal path to obtain a post-deprivation remedy. (ECF No. 18 at 15.) Plaintiff does not claim that he was prevented from accessing the courts. (See Id.) The Supreme Court has recognized a right to assistance in legal certain legal filings. See Bounds v. Smith, 430 U.S. 817, 821 (1977); see also Lewis v. Casey, 518 U.S. 343, 355 (1996). This assistance is limited to situations where prisoners seek "to attack their sentences, directly or collaterally, and in order to challenge the conditions of their confinement." Lewis, 518 U.S. at 355; see Silva v. Di Vittorio, 658 F.3d 1090, 1102 (9th Cir. 2011) overruled on separate grounds by Richey v. Dahne, 807 F.3d 1202, 1209 n.6 (9th Cir. 2015).

Plaintiff argues that defendants should have provided legal assistance when he sought a remedy for an unauthorized deprivation of his property. The action plaintiff wished to pursue was not an attack on his sentence or a challenge to the conditions of his confinement. As such, plaintiff is not entitled to legal assistance in seeking a post-deprivation remedy. Lewis, 518 U.S. at 355 ("Impairment of any *other* litigating capacity is simply one of the incidental (and perfectly constitutional) consequences of conviction and incarceration" (emphasis in original)). Plaintiff only claims that defendants failed to provide him with legal advice, not that they actively interfered with his access to courts. (See ECF No. 18.)

As plaintiff was not entitled to affirmative assistance and has not alleged facts showing that defendants actively interfered with his access to courts, he has failed to allege sufficient facts to state a First Amendment claim against defendants for denying his access to the courts.

### C. Eighth Amendment

### 1. Legal Standard

The Eighth Amendment prohibits the infliction of "cruel and unusual punishments." U.S. Const. amend. VIII. The unnecessary and wanton infliction of pain constitutes cruel and unusual punishment prohibited by the Eighth Amendment. Whitley v. Albers, 475 U.S. 312, 319 (1986); Ingraham v. Wright, 430 U.S. 651, 670 (1977); Estelle v. Gamble, 429 U.S. 97, 105-06 (1976). Neither accident nor negligence constitutes cruel and unusual punishment, as "[i]t is obduracy

7

and wantonness, not inadvertence or error in good faith, that characterize the conduct prohibited by the Cruel and Unusual Punishments Clause." Whitley, 475 U.S. at 319.

      2. **Analysis**

In the SAC plaintiff states that he seeks to bring the Eighth Amendment claim against defendants for "inflict[ing] mental and emotional distress upon plaintiff." (ECF No. 18 at 14.) Plaintiff also states that "defendants, each and all of them, acted with evil intent and reckless indifference to plaintiff's constitutional rights by their actions[.]" (Id.) Beyond these statements, plaintiff does not provide any clear factual allegations about how individual defendants acted with deliberate indifference. This is despite the court in its previous screening order noting that plaintiff had not appeared to include any factual allegations related to a deliberate indifference claim. Additionally, Plaintiff does not specify the risk of harm that defendants were deliberately indifferent to. Instead, he broadly states that defendants acted with "evil and reckless indifference" to his constitutional rights. (Id.) These allegations are insufficient to support an Eighth Amendment claim as they are vague and conclusory. See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

Given the above, plaintiff has failed to allege sufficient facts to state a cognizable Eighth Amendment claim.

**IV.  No Leave to Amend**

The court will recommend that the Third Amended Complaint be dismissed without leave to amend because plaintiff was previously notified of the deficiencies and has failed to correct them. A plaintiff's "repeated failure to cure deficiencies" constitutes "a strong indication that the [plaintiff] has no additional facts to plead" and "that any attempt to amend would be futile[.]" See Zucco Partners, LLC v. Digimarc Corp., 552 F.3d 981, 1007 (9th Cir. 2009) (internal citations and quotation marks omitted) (upholding dismissal of complaint with prejudice when there were "three iterations of [the] allegations—none of which, according to [the district] court, was sufficient to survive a motion to dismiss"); see also Simon v. Value Behavioral Health, Inc., 208 F.3d 1073, 1084 (9th Cir. 2000) (affirming dismissal without leave to amend where plaintiff failed to correct deficiencies in the complaint, where court had afforded plaintiff opportunities to

do so and had discussed with plaintiff the substantive problems with his claims), amended by 234 F.3d 428, overruled on other grounds by Odom v. Microsoft Corp., 486 F.3d 541, 551 (9th Cir. 2007); Plumeau v. Sch. Dist. 40 Cnty. Of Yamhill, 130 F.3d 432, 439 (9th Cir. 1997) (denial of leave to amend appropriate where further amendment would be futile).

Where a "plaintiff has previously been granted leave to amend and has subsequently failed to add the requisite particularity to his claims, the district court's discretion to deny leave to amend is particularly broad." Zucco, 552 F.3d at 1007 (quotations and citations omitted). Plaintiff was previously advised regarding the deficiencies of his claim in two prior screening orders. (ECF Nos. 9, 15.) Plaintiff's Third Amended Complaint is almost identical to his Second Amended complaint except for the inclusion of state law claims which plaintiff requests the court exercise supplemental jurisdiction over. (See ECF No. 18.) The Third Amended Complaint does not include any additional factual allegations despite the prior screening order identifying that plaintiff's claims lacked sufficient factual support. (See ECF No. 15.)

Plaintiff has again failed to correct the identified deficiencies and the court is convinced that further attempts to amend would be futile. Accordingly, the court will recommend that the complaint be dismissed without leave to amend.

**V.      Supplemental Jurisdiction**

The largest change plaintiff made in the TAC is the inclusion of some additional state law claims. (ECF No. 18 at 17-19.) However, if these findings and recommendations are adopted the court will dismiss all claims over which it has original jurisdiction. Only state law claims will remain. A district court may decline to exercise supplemental jurisdiction over state law claims if the district court has dismissed all claims over which it has original jurisdiction. 28 U.S.C. § 1367(c)(3). The court's discretion to decline jurisdiction over state law claims is informed by the values of judicial economy, fairness, convenience, and comity. Acri v. Varian Associates, Inc., 114 F.3d 999, 1001 (9th Cir. 1997) (en banc). In addition, "[t]he Supreme Court has stated, and [the Ninth Circuit] ha[s] often repeated, that 'in the usual case in which all federal-law claims are eliminated before trial, the balance of factors ... will point toward declining to exercise jurisdiction over the remaining state-law claims.'" Acri, 114 F.3d at 1001 (quoting Carnegie-


Mellon Univ. v. Cohill, 484 U.S. 343, 350 n. 7 (1988)); see also Satey v. JP Morgan Chase & Co., 521 F.3d 1087, 1091 (9th Cir. 2008) (recognizing this principle but noting that dismissal of the remaining state law claims is not mandatory).

"[The] primary responsibility for developing and applying state law rests with the state courts." Curiel v. Barclays Capital Real Estate Inc., 2:09-cv-03074-FCD-KJM, 2010 WL 729499, at *1 (E.D. Cal. Mar. 2, 2010). Here, consideration of judicial economy, fairness, convenience, and comity all point toward declining to exercise supplemental jurisdiction. Therefore, the undersigned will also recommend that the court decline to exercise supplemental jurisdiction over the complaint's state law claims.

## CONCLUSION

For the foregoing reasons, IT IS HEREBY RECOMMENDED that:

1. Plaintiff's Third Amended Complaint (ECF No. 18) be dismissed without leave to amend;
2. The court decline to exercise supplemental jurisdiction over the state law causes of action in the Third Amended Complaint; and
3. This action be closed.

These findings and recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, plaintiff may file written objections with the court and serve a copy on all parties. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may result in waiver of the right to appeal the district court's order. Martinez v. Ylst, 951 F.2d 1153, 1157 (9th Cir. 1991).

Dated: April 5, 2023

_____
DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

DB:14
DB/DB Prisoner Inbox/Civil Rights/S/zaya0218.scrn.fr_dism(3)